(89 App. Div. 88.)

### WOODHOUSE v. WOODHOUSE.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

1. DIVORCE—MODIFICATION OF DECREE—ADULTEROUS MOTHER—PERMISSION TO SEE CHILDREN—ERROR.

Where a husband has been decreed a divorce from his wife on the ground of adultery, and he was awarded the custody of their children, the subsequent modification of the decree, permitting her to see the children at stated times, while she is still continuing illicit relations with her paramour and leading an immoral and degrading life, is erroneous.

Appeal from Special Term, New York County.

Action by Joseph H. Woodhouse against Mary D. Woodhouse. From an order modifying the decree of divorce, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A. H. Hummel, for appellant.
H. D. Luce, for respondent.

PATTERSON, J. By a decree duly entered in this action, the plaintiff obtained a divorce from his wife, and he was awarded the custody of three infant children of the marriage. The decree was entered in October, 1901. The divorce was granted on the ground of the wife's adultery with one Davis, with whom she is now living; thus continuing the illicit relations which were made the foundation

of the judgment against her. In May, 1903, she made an application to the Supreme Court, at Special Term, to modify the decree so that she might be permitted to see the children at stated times, and her application was granted. From the order entered thereupon, this appeal is taken.

We think the order should be reversed. Where the guilty wife continues her illicit relations with her paramour, and leads an immoral and degrading life, there is no propriety in interfering with the judgment which has separated her from her children, nor should they be again brought under her influence in any way, until she has given evidence of contrition and reformation. Were the defendant's life now blameless, a different view would be taken, but, as it is, we cannot allow such a precedent to stand, as would be made by an affirmance of this order.

The order must be reversed, with $10 costs and disbursements, and the motion to amend the decree denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.